1

2

3

4

5

6

7

8

9 UNITED STATES DISTRICT COURT

10 NORTHERN DISTRICT OF CALIFORNIA

11 SAN JOSE DIVISION *E-FILED - 4/12/07*

12

13 MARVIN STEGER, Derivatively on Case No. C-06-06699-RMW
Behalf or Nominal Defendant MIPS

14 TECHNOLOGIES, INC., **[] ORDER GRANTING
MOTION TO CONSOLIDATE, TO**

15 Plaintiff, **APPOINT JOSEPH CARCO AS LEAD
PLAINTIFF AND TO APPOINT LERACH**

16 v. **COUGHLIN STOIA GELLER RUDMAN &
ROBBINS LLP AS LEAD COUNSEL**

17 JOHN E. BOURGOIN, et al.,

18 Defendants,

19

20 - and -

21 MIPS TECHNOLOGIES, INC.,

22 Nominal Defendant.

23

24 [Caption continued on following page.]

25

26

27

28

| | |
|---|---|
| 1   JOSEPH CARCO, Derivatively on Behalf of MIPS TECHNOLOGIES, INC., | Case No. C-07-00661-RMW |

JOSEPH CARCO, Derivatively on Behalf of MIPS TECHNOLOGIES, INC.,

                    Plaintiff,

       v.

ANTHONY B. HOLBROOK, et al.,

                    Defendants,

     - and -

MIPS TECHNOLOGIES, INC. a Delaware corporation,

                    Nominal Defendant.

LEO MICHAELS, Derivatively on Behalf of Nominal Defendant MIPS TECHNOLOGIES, INC.,

                    Plaintiff,

       v.

JOHN E BOURGOIN, et al.,

                    Defendants,

     - and -

MIPS TECHNOLOGIES, INC.,

                    Nominal Defendant.

Case No. C-07-00661-RMW

Case No. C-07-00771-RMW

1    Plaintiff Joseph Carco's Motion to Consolidate Actions and to Appoint Joseph Carco as

2 Lead Plaintiff and Lerach Coughlin Stoia Geller Rudman & Robbins LLP as Lead Counsel (the

3 "Motion") came on for hearing in the ordinary course.  Having considered the papers submitted in

4 support of and in response to the Motion, the argument of counsel, if any, and for good cause

5 shown, the Court ORDERS as follows:

6    **I.      CONSOLIDATION OF ACTIONS**

7    1.      The following actions are hereby consolidated for all purposes, including pretrial

8 proceedings, trial and appeal:

9

| Abbreviated Case Name | Case Number |
| --- | --- |
| *Steger v. Bourgoin, et al.* | C-06-06699-RMW |
| *Carco v. Holbrook, et al.* | C-07-00661-RMW |
| *Michaels v. Bourgoin, et al.* | C-07-00771 -RMW |

13    2.      The caption of these consolidated actions shall be "*In re MIPS Technologies, Inc.*

14 *Derivative Litigation*" and the files of these consolidated actions shall be maintained in one file

15 under Master File No. C-06-06699-RMW.  Any other actions now pending or later filed in this

16 Court which arise out of or are related to the same facts as alleged in the above-identified cases

17 shall be consolidated for all purposes, if and when they are brought to the Court's attention.

18    3.      Every pleading filed in the consolidated actions, or in any separate action included

19 herein, shall bear the following caption:

20                  UNITED STATES DISTRICT COURT

21                 NORTHERN DISTRICT OF CALIFORNIA

22                      SAN JOSE DIVISION

| In re MIPS TECHNOLOGIES, INC.<br>DERIVATIVE LITIGATION | Master File No. C-06-06699-RMW |
| --- | --- |
| This Document Relates To: | |

27    4.      When a pleading is intended to be applicable to all actions governed by this Order,

28

1    the words "All Actions" shall appear immediately after the words "This Document Relates To:"

2    in the caption set out above.  When a pleading is intended to be applicable to only some, but not

3    all, of the consolidated actions, this Court's docket number for each individual action to which the

4    pleading is intended to be applicable and the abbreviated case name of said action shall appear

5    immediately after the words "This Document Relates To:" in the caption described above (e.g.,

6    "No. C-07-00661- RMW, *Carco v. Holbrook, et al.*").

7         5.    A Master Docket and a Master File hereby are established for the above

8    consolidated proceedings and for all other related cases filed in or transferred to this Court.

9    Separate dockets shall continue to be maintained for each of the individual actions hereby

10   consolidated, and entries shall be made in the docket of each individual case in accordance with

11   the regular procedures of the clerk of this Court, except as modified by this Order.

12        6.    When a pleading is filed and the caption shows that it is applicable to "All

13   Actions," the clerk shall file such pleading in the Master File and note such filing on the Master

14   Docket.  No further copies need be filed, and no other docket entries need be made.

15        7.    When a pleading is filed and the caption shows that it is to be applicable to fewer

16   than all of the consolidated actions, the clerk will file such pleading in the Master File only but

17   shall docket such filing on the Master Docket and the docket of each applicable action.

18        8.    When a case which properly belongs as part of *In re MIPS Technologies, Inc.*

19   *Derivative Litigation* is filed in this Court or transferred to this Court from another court and

20   assigned to Judge Whyte, the clerk of this Court shall:

21             (a)   Place a copy of this Order in the separate file for such action;

22             (b)   Mail to the attorneys for the plaintiff(s) in the newly-filed or transferred

23   case a copy of this Order and direct that this Order be served upon or mailed to any new

24   defendant(s) or their counsel in the newly-filed or transferred case; and

25             (c)   Make an appropriate entry on the Master Docket.  This Court requests the

26   assistance of counsel in calling to the attention of the clerk of this Court the filing or transfer of

27   any case which properly might be consolidated as part of *In re MIPS Technologies, Inc.*

28   *Derivative Litigation*.

[] ORDER GRANTING MOTION                    -2-                    Case No. C-06-06699-RMW
TO CONSOLIDATE

## II.  APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

9.  Plaintiff Joseph Carco shall be appointed Lead Plaintiff.

10.  The law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP shall be appointed Lead Counsel for plaintiffs in the consolidated *In re MIPS Technologies, Inc. Derivative Litigation*.

11.  Lead Counsel shall have authority to speak for plaintiffs in matters regarding pretrial and trial procedure and settlement negotiations, and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

12.  Lead Counsel shall be responsible for coordination of all activities and appearances on behalf of plaintiffs and for the dissemination of notices and orders of this Court. No motion, request for discovery or other pretrial proceedings shall be initiated or filed by plaintiffs except through Lead Counsel.

13.  Lead Counsel also shall be available and responsible for communications to and from this Court. Lead Counsel shall be responsible for the creation and maintenance of a master service list of all parties and their respective counsel.

14.  Counsel for John E. Bourgoin, Jack Browne, Kenneth L. Coleman, Sandy Creighton, Kevin C. Eichler, Fred M. Gibbons, Robert R. Herb, Anthony B. Holbrook, Brad Holtzinger, Benjamin A. Horowitz, Mervin S. Kato, William M. Kelly, Lavi Lev, Derek Meyer, Kate Hunt Rundle, Esq., Mark Tyndall, G. Michael Uhler, and nominal defendant MIPS Technologies, Inc. ("MIPS") (collectively, "Defendants") may rely upon all agreements made with Lead Counsel, or other duly authorized representatives of plaintiffs, and such agreements shall be binding on plaintiffs.

## III.  SCHEDULE

15.  Lead Plaintiff shall no later than 45 days from the entry of this Order file and serve a Consolidated Complaint which will supersede all existing complaints filed in these actions. Defendants need not respond to any of the pre-existing complaints.  Service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, of any of the pre-existing complaints on any of the

-3-

1   Defendants, or their counsel, shall constitute sufficient service on that Defendant.  Service of the

2   Consolidated Complaint shall be effected with respect to any of the Defendants by serving the

3   Consolidated Complaint on Defendants' counsel.

4          16.     MIPS shall file a motion to dismiss the Consolidated Complaint on the ground that

5   Lead Plaintiff lacks standing to sue on behalf of MIPS ("Standing Motion") no later than 45 days

6   from the date of service of the Consolidated Complaint.  Lead Plaintiff shall file and serve his

7   opposition within 45 days after the service of the Standing Motion.  If MIPS files and serves a

8   reply to Lead Plaintiff's opposition, it shall do so within 21 days after service of the opposition.

9          17.     Other than as set forth above in ¶16, Defendants need not respond to the

10  Consolidated Complaint until resolution of the Standing Motion.  Following the Court's ruling on

11  the Standing Motion, the parties shall meet and confer regarding a schedule for any necessary

12  responses to or motions to dismiss the Consolidated Complaint on the underlying merits of the

13  claim.

14         18.     Discovery is stayed pending the Court's ruling on the Defendants' Standing

15  Motion.

16         19.     The parties agree that discovery shall proceed once the Court denies the Standing

17  Motion.

18

19  IT IS SO ORDERED.

20  DATED:  ___4/12/07_____          _____

21                                                THE HONORABLE RONALD M. WHYTE
                                                  UNITED STATES DISTRICT JUDGE
22

23

24

25

26

27

28